```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```

_____

|                          |   |                   |
|--------------------------|---|-------------------|
| WILLIAM BLOSSOM,         | ◊ |                   |
|                          | ◊ |                   |
|         Plaintiff,       | ◊ |                   |
|                          | ◊ |                   |
| vs.                      | ◊ | No. 06-2083-B/P   |
|                          | ◊ |                   |
| UNITED STATES, et al.,   | ◊ |                   |
|                          | ◊ |                   |
|         Defendants.      | ◊ |                   |
|                          | ◊ |                   |

_____

```
                ORDER ASSESSING FILING FEE
                    ORDER OF DISMISSAL
                            AND
         ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
```
_____

Plaintiff William Blossom, Bureau of Prisons registration number 10750-042, an inmate at the Federal Correctional Institution ("FCI"),[1] in Oakdale, Louisiana, who was formerly incarcerated at FCI Memphis filed a complaint under <u>Bivens v. Six Unknown Fed. Agents</u>, 403 U.S. 388 (1971), in the United States District Court for the Western District of Louisiana. United States District Judge Mark Hornsby entered an order on February 1, 2006, transferring the complaint to this district court under 28 U.S.C.

---

[1] The word prison is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

§ 1406.  The Clerk of Court shall file the case and record the defendants as the United States,[2] Nahem Naimey, and Andrew Kahl.

I.   ASSESSMENT OF FILING FEE

Under the Prison Litigation Reform Act of 1995 (the "PLRA"), 28 U.S.C. § 1915(b), any prisoner bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a).  The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has properly completed and submitted both an in forma pauperis affidavit and a prison trust fund account statement.  Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that

---

[2]     The BOP is not a suable entity under federal law, and a suit against the BOP is actually a suit against the United States.  Pennhurst State Schl. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984).  Furthermore, the United States can be sued only to the extent to which it has waived its sovereign immunity. United States v. Orleans, 425 U.S. 807, 814 (1976); Feyers v. United States, 749 F.2d 1222, 1225 (6th Cir. 1984); Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 653 F. Supp. 1200, 1206 (E.D. Mich. 1986).  A waiver of sovereign immunity cannot be implied but must be unequivocally expressed by Congress. United States v. Mitchell, 445 U.S. 535, 538 (1980); Johnson v. Hubbard, 698 F.2d 286, 290 (6th Cir. 1983); Jahn v. Regan, 584 F. Supp. 399, 406 (E.D. Mich. 1984).
    An action under Bivens cannot be brought against the United States. Rather, the Federal Tort Claims Act (FTCA) is the exclusive remedy in tort actions against the United States.  18 U.S.C. § 2679(a).  Peak v. Small Business Admin., 660 F.2d 375, 377 (8th Cir. 1981).  However, the FTCA specifically excludes any remedy against the United States for "a violation of the Constitution of the United States . . . ."  18 U.S.C. § 2679(b)(2).
    Thus, to the extent that plaintiff sues the BOP and the United States, his claims are barred by sovereign immunity.  As the claims against the BOP and United States are barred by absolute and sovereign immunity, they are devoid of jurisdiction. Accordingly, the claims against the BOP and United States lack an arguable basis either in law or in fact and are, therefore, frivolous.  See Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).  As those claims are frivolous and devoid of jurisdiction, they are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and Fed. R. Civ. P. 12(h)(3).

the plaintiff cooperate fully with prison officials in carrying out this order.  It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit.  When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court.  If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court.  On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account

since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II.  ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff Blossom sues FCI Memphis Clinical Director Dr. Nahem Naimey and FCI Texarkana Dr. Andrew Kahl. Blossom alleges that Dr. Naimey provided improper diagnosis and care for a lipoma or lump on his right shoulder. He alleges that after his transfer to FCI Texarkana, Dr. Kahl diagnosed him with parasthesia in the right shoulder and improperly treated him with amitriptyline which only minimized his shoulder pain. Blossom sues the defendants for negligence and malpractice.

Forty-two U.S.C. § 1997e(a) requires a federal court to dismiss without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998). Prisoners have an affirmative burden to plead particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. June 15, 2000). Section 1997e(a) applies to claims seeking monetary damages. Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999).

Blossom attached copies of his administrative remedy form and responses for his Bivens claims which demonstrate that he has exhausted his administrative remedies on the Bivens claims.[3]

---

[3]  Plaintiff also attached a copy of the response of Regional Counsel for a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2672 et seq., dated June 1, 2005, which advised plaintiff that he was afforded six (6) months from the date of the mailing of the letter to file suit in the appropriate District Court. Plaintiff's complaint does not invoke this Court's jurisdiction under the FTCA, therefore, the Court declines to address any federal tort claim, but notes that such a claim appears to be untimely. Plaintiff did not file this lawsuit until January 12, 2006, seven months after the letter was dated.

The Eighth Amendment prohibits cruel and unusual punishment. See generally Wilson v. Seiter, 501 U.S. 294 (1991).  Under the Supreme Court decision of  Estelle v. Gamble, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' ... proscribed by the Eighth Amendment."  However, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle, 429 U.S. at 105.  "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.  It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment."  Id.

An Eighth Amendment claim consists of objective and subjective components.  Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hudson v. McMillian, 503 U.S. 1, 8 (1992); Wilson, 501 U.S. at 298; Brooks v. Celeste, 39 F.3d 125, 127-28 (6th Cir. 1994); Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992).  The objective component requires that the deprivation be "sufficiently serious."  Farmer, 511 U.S. at 834; Hudson, 503 U.S. at 8; Wilson, 501 U.S. at 298.  The subjective component requires that the official act with the requisite intent, that is, that he have a "sufficiently culpable state of mind."  Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 297, 302-03.  The official's intent must rise at least to the level of deliberate indifference.  Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 303.

Within the context of Estelle claims, the objective component requires that the medical need be sufficiently serious. Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992). "A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)(quoting Laaman v. Helgemoe, 437 F. Supp. 269, 311 (D.N.H. 1977)).

To make out a claim of an Eighth Amendment Estelle violation, a prisoner must plead facts showing that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir. 1976). The Court clarified the meaning of deliberate indifference in Farmer v. Brennan, as the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. Id. 511 U.S. at 835-36. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. See Estelle, 429 U.S. at 106.

Plaintiff does not provide any allegations demonstrating that anyone was deliberately indifferent to his medical needs. He admits that he received evaluation, surgery, and continuing treatment for his right shoulder problem. Although plaintiff disagrees with the defendants' diagnoses, need for specialist

7

evaluations, and the treatment rendered, a difference of opinion between a prisoner and a doctor about diagnosis or treatment fails to state an Eighth Amendment claim of deliberate indifference to a serious medical need.  <u>Westlake v. Lucas</u>, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).  The response of the National Inmate Appeals Administrator states, in part, that:

> Discussion with institution medical staff and review of your medical records reveals you presented to sick call with complaints of a cyst on your back in June of 2001.  The cyst was treated with antibiotics for a period of time.  Your medical record reflects that you had a cyst on your right shoulder incised, drained, and packed, on February 2, 2002, without complications.  Medical staff and records indicate that you were treated appropriately and a referral to a neurosurgeon at this time is not clinically indicated.
>
> It is evident you have received prompt, professional medical care consistent with reasonable community standards and Bureau of Prisons' policy.  Should there be a significant change in your condition, you are encouraged to attend sick call to be re-evaluated.

(Exhibits to Plaintiff's complaint)

Even if medical personnel were negligent in the diagnosis and treatment of plaintiff's conditions, their error would amount at most to medical malpractice.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  <u>Estelle</u>, 429 U.S. at 105-06.  The complaint simply does not allege any facts supporting a claim that the Eighth Amendment was violated.

Accordingly, plaintiff's complaint fails to state a claim upon which relief may be granted and is, therefore, DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

III.  APPEAL ISSUES

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint which fails to state a claim upon which relief may be granted has sufficient merit to support an appeal in forma pauperis. Accordingly, the same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith, and plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case. The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). See McGore

v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997).  McGore sets out specific procedures for implementing the PLRA.  Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee,[4] he must comply with the procedures set out in McGore and § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by this plaintiff, this is the first dismissal in this district of one of his cases for failure to state a claim.

IT IS SO ORDERED this 30th day of June, 2006.

                                             _____
                                             s/ J. DANIEL BREEN
                                             UNITED STATES DISTRICT JUDGE

---

[4]  The fee for docketing an appeal is $250.  See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913.  Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.